Ryan E. Farnsworth
ISB No. 8885
Avery Law
770 South Woodruff Avenue
Idaho Falls, ID 83401
Telephone: (208) 524-2015
Facsimile: (208) 524-2051

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| In Re: | ) | Case No. 19-41012-JMM |
| | ) | |
| Cortney Casper, | ) | |
| | ) | CHAPTER 7 |
| | ) | |
| Debtors. | ) | |
| | ) | |

OBJECTION TO TRUSTEE'S MOTION FOR TURNOVER OF ESTATE PROPERTY

AND MOTION TO DETERMINE ESTATE PROPERTY

Comes now Debtor, Cortney Casper, by and through Avery Law and responds to Trustee's Motion for Turnover or Property and Records, and moves this Court to Determine that the funds requested are not estate property as follows:

1. **Signing Bonus**

Debtor disagrees that 46% of Debtors signing bonus is estate property, as it was a contingent right at best and required the Debtor to comply with the contractual provisions after filing his bankruptcy. Because Debtor could have made no demand to receive these funds on the filing date, and had he changed employment prior to March 1, 2020 ostensibly he would not have been eligible to receive the bonus. This means that bonus is a post-petition asset only.

1

The debtor admits the truthfulness of the content of Trustee's paragraphs 1 and 2 and denies paragraphs 3 through 7.

## 2. **Determine Estate Property**

Debtor requests that this court determine that Debtor's right to a bonus, after meeting the contractual requirements, is not property of the bankruptcy estate under 11 U.S.C. § 541(a)(1). Estate property is determined "as of the commencement of the case." *Id.*

The *Lott* case cited in Trustee's turnover motion is easily distinguishable as Debtor in that case needed to perform no more work to receive her residual/renewal commissions. In this case, there is no value to the asset unless Debtor achieves the full-time status for his employer and even then was not entitled to the bonus until 30 days thereafter. There is no basis for the Trustee's suggestion to pro-rate the bonus to the date of filing.

Posteptition bonus payments are "not property of the Debtor's bankruptcy estate." (*Seaver v. Klein-Swanson,* No. 12-6054 (8th Cir. 2013)). Mr. Casper's bonus is most similar to that in Seaver and this Court should find similarly.

WHEREFORE, Debtor respectfully requests that Trustee's Motion for Turnover be denied, and determine that Debtor's post-petition bonus is not estate property, and for such further relief as it deems just and proper.

DATED this 1st day of September, 2020

/s/*Ryan E. Farnsworth*
Ryan E. Farnsworth

2

Attorney for Debtor

## CERTIFICATE OF SERVICE

I do hereby certify that on this 1st of September, 2020, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Sam Hopkins @ shopkins@epiqsystems.com

Tom Smith @ tsmith8206@cableone.net

U S Trustee @ ustp.region18.bs.ecf@usdoj.gov

Robert Maynes @maynestaggart.com

Steven L. Taggart @staggart@maynestaggart.com

And, I hereby certify that I served a true and correct copy of the foregoing document upon the following person(s) by mailing with the necessary postage affixed thereto:

Cortney Casper
755 West Quail Circle
Blackfoot, ID 83221

/s/ *Christine Harrop*
Christine Harrop
Paralegal